* Parker, C. J.,
delivered the opinion of the Court
All objections to the pleadings in this case in point of form being waived in the argument, although they are obviously irregular and defective, we are brought to the general question presented by the plea in bar ; —whether this action can be maintained, the demandant being seized, under his mortgage deed, of a reversionary interest only, after the life of Ebenezer Penniman, who holds a life estate by lease from the demandant and his brother, grantors of the tenant, made before the conveyance to him.
The objection in point of form is, that Hollis is not a tenant of the freehold, and, therefore, ought not to be sued in this action. This he might have pleaded in abatement; and then, if the replication had stated the facts as they appear in the plea in bar, the same question would have arisen. And we think, from the peculiar nature of the relation between the mortgagor and mortgagee, it would be no answer to an action brought by the mortgagee to foreclose, that he, the mortgagor, was not tenant of.the freehold.
The deed of mortgage creates a contract respecting a debt, as well as a conveyance of the estate. It is a collateral security only , and the means of coercing the debtor by a suit upon it ought not to be trammelled by the nice technical rules which govern real actions *345 in general. An action of this kind is not, in all respects, a real action. For, if the demandant prevails in establishing his title, he does not thereby necessarily obtain judgment for possession, but only conditionally, in case the debt, for which the mortgage is security, shall not be paid within two months from the time of judgment.
There seems to be no reason, in equity, why the mortgagee of a reversion may not, as soon as a breach of the condition of the mortgage has happened, bring his action against the mortgagor personally for foreclosure. No other person is prejudiced thereby. The tenant for life, or for years, is safe under his contract; for a judgment * against the mortgagor does not affect him. If he be sued for possession, he can defend himself by setting forth his title to hold the lands ; and it is immaterial to whom the reversionary interest belongs.
If such a suit cannot be maintained, mortgages of vested remain ders or reversions would be of very little value. For, suppose the debt payable in a year, which is the common term of credit where property is mortgaged ; and suppose the property mortgaged, as it often is, the only valuable security, shall the mortgagee wait, after non-payment according to the contract, during the life of the tenant for life, before he shall foreclose the right of redemption ? It may be said, that the judgment will not avail him, because he cannot oust the tenant for life ; but it may be important to him to watch over the estate, and prevent its waste, or to enter for forfeiture, in case of actual waste committed ; and, in case there is a rent reserved, he may entitle himself to that rent. The mortgagor, if the estate is not worth more than the debt, will be wholly indifferent as to the conduct of the tenant for life, or as to the condition of an estate to which he has no present right, and the future interest in which he has parted with for its full value.
There is nothing in the course of legal practice, or in legal principles, which operates against the right of the mortgagee to foreclose under these circumstances. A mortgage is, in many respects, a creature of equity. The process for enforcing it is not like that of other demands of the realty; and the judgment is in no respect like judgments in real actions. It need not, therefore, be governed by the strict rules of such actions. The true meaning of such a contract betweén the parties is, that, if the debt is not paid, the mortgagee shall have all the power over the land, and all the interest in it, which the mortgagor before had ; and a suit upon the mortgage is brought for no other purpose than to set bounds io the right of * redemption which the statutes have given, beyond the contract of the parties.
It is said, that the suit is not maintainable, because the judgment cannot be executed during the estate of tenant for life. But we *346 think, that, for the purpose for which the suit is brought, the judgment may be executed. If the sheriff, upon a writ of possession, enters upon the land, and delivers seizin to the mortgagee according to his writ; this gives him possession against the mortgagor, and will at least be construed to divest him of all his legal title in the land. It may not affect the tenant for life ; and, even if he have a right to maintain trespass against the sheriff and the mortgagee, which, however, is doubtful, yet the act may be available between the parties to the judgment.
This idea is not new. The legislature has long since adopted the principle, that seizin of a reversion may be given by the sheriff to a creditor of a reversioner, upon a judgment against him. For, in the statute of 1783, c. 57, § 4, it is provided, among other things, that reversions or remainders shall be liable to be taken on mesne process, and by execution upon a judgment recovered for the payment of the just debts of the mortgagor or owner ; and the same mode of levying upon them is to be pursued, as upon lands not under any incumbrance. So that an entry upon land thus situated is made necessary by statute, in order to satisfy a judgment from such property Upon the whole, we see no reason for a defence against the de mandant’s claim growing out of the facts stated in the plea in bar. The rejoinder is adjudged bad, and judgment is to be entered for the demandant, as in actions upon mortgage.