Jackson, J.,
delivered the opinion of the Court. In the writ of entry at common law, if the tenant is ousted, pending the suit, by a stranger having a better title, this will abate the writ. (1) So if the land is recovered against him by a stranger, unless the recovery is by collusion. (2) But in both cases the fact must be specially pleaded, as having occurred pending the writ, or after the last continuance. It resembles the common plea of non-tenure, and cannot be given in evidence under * the general issue. In our practice, non-tenure may perhaps be pleaded in bar; but still it must be specially pleaded, if the party would take advantage of it.
It is also very questionable whether this matter, if duly pleaded would have availed the tenant in this action; which is founded *352 upon our statute for foreclosing the right of redemption upon a mortgage. If the party sued claims to hold the land by any title independent of the supposed mortgage, the title may be tried as in a common writ of entry ; as, if, in the present, case, some stranger had claimed the land by a title older and better than that of any of the parties here named, and had duly conveyed all his estate to Spencer, the latter might rely on that title alone; and if he could show it to be the better, he would prevail in the suit. But when the party sued has no title but as mortgagor, or as assignee of the right of redemption, and does not set up any other title in his defence, the action assumes a different shape, and becomes, in effect, a bill in equity to foreclose the right of redemption. The principal difference between the process in this point of view and the proceedings for the like purpose in the English courts is, that here our statute fixes the time within which the defendant shall pay the sum found due on the mortgage, in order to prevent the foreclosure, instead of leaving it to be limited in such case by the courts.
Now, when the action assumes this shape, the object and effect of it is to ascertain what sum is due on the mortgage, and to foreclose and bar the defendant’s right of redemption, unless he pays that sum within the time prescribed. So far as regards that question, it seems unimportant to inquire what estate the defendant has in the premises. At least, if he has the right of redemption, which is sought to be foreclosed, he must be a proper party to the suit.
In the case at bar, it is obvious that Spencer, after the recovery against him by William Walcutt, still had the right to redeem the premises, as against both of the * mortgagees. It has been decided in this Court that, where a reversion, after an estate for life, is mortgaged, an action like the present may be maintained against the mortgagor, although the tenant for life is still living, and of course the defendant in the action is not tenant of the land. (3) There seems to be no more objection to maintaining the action, when the defendant has only a right of redemption upon a preceding mortgage. A recovery by the demandant in this case will not prejudice William Walcutt, who is not a party to the suit; but he may still hold the land in virtue of the mortgage to him, until redeemed by the demandant, or by some person claiming under him.
But, without relying on this point, the first is conclusive. This matter could not be given in evidence under the general issue; and, according to the agreement of the parties, the tenant must be called.

Tenant defaulted

 Com. Dig., tit. Abatement H, 56.

 Ibid. H 54.

 13 Mass. Rep. 429, Penniman vs. Hollis.