## SAMUEL WHITTIER vs. ALFRED DOW.

A mortgagee may maintain a writ of entry on the mortgage against the owner of the equity of redemption, although a third person was in the actual occupation of the demanded premises, both at the time when the mortgage was made and when the action was commenced, by title paramount to that of either demandant or defendant, under a lease for a term of years.

THIS was a writ of entry on a mortgage, given by one *Enoch Gammon* to the demandant. The general issue was pleaded. The parties agreed upon a statement, from which the following facts appear. *Whittier*, the demandant, *October* 30, 1834, then sole owner of the demanded premises, leased the same for the term of five years to *Fabyan & Wight*, and their assigns; and *Feb.* 2, 1836, *F. & W.* assigned their interest in the lease to *O. P. Thorp*, who was in the actual occupation of the premises under the lease, when this action was commenced. On *June* 6, 1835, the demandant conveyed the premises to *Enoch Gammon* by deed of warranty, reserving the right of the lessees under the lease, and assigning his right thereby to *Gammon*; and at the same time *Gammon* gave back to *Whittier* a mortgage of the same premises to secure the payment of sundry notes, given as part of the purchase money, one of which was payable when the action was commenced. *Gammon*, on the fifteenth of *June*, 1836, conveyed the same premises to the defendant, *Alfred Dow*, subject to the mortgage and lease. The question submitted on the statement was, whether the demandant could maintain *this action against Dow*, the same having been instituted after *Gammon's* deed to him.

The case was submitted without argument.

*Codman*, for the demandant.

*W. P. Fessenden*, for defendant.

After a continuance, the opinion of the Court was drawn up by

EMERY J. — What were the meaning and intentions of the parties in the several conveyances mentioned in the statement of facts, and what is their legal operation? If we can effectuate those intentions in accordance with the rules of law, it is the right of the plaintiff to have the benefit of the proper application of legal principles for his relief. Having leased the premises for five years, it

Whittier *v.* Dow.

may, at first, seem inconsistent that he should, within that period, seek to obtain a judgment in his favor for the very property, which he had, for that time, transferred to other persons; especially as the deed conveying the property to *Gammon* recognizes the lease, and reserves it. But upon considering the object of the mortgage of the property, which is to secure the payment of the purchase money, and that money has not been paid agreeably to the stipulation, we do not apprehend that, under the conditional judgment, any injustice can be done to the defendant, the assignee of the original lessees. The defendant knew all the circumstances of responsibility to which he was exposed, and took his deed from *Gammon* subject to the mortgage. By pleading the general issue, he admits himself in possession, so far at least as to justify the suit for such purposes as by law it can avail the plaintiff. The matter of the brief statement is not disclosed, and it is immaterial, because the judgment is to follow the opinion of the Court on the statement of facts agreed.

That *Thorp* is in the actual occupancy of the premises under the lease, does not serve to prevent the plaintiff from pursuing the remedy he has adopted, for making progress toward foreclosure. By the result of this suit, the plaintiff would not be authorized to disturb the possession of *Thorp* under the lease. If he would take advantage of any delinquency, as to compliance with pecuniary duties secured by that instrument, it may become necessary for him to enter specially for non-payment of the rent. 13 *Mass. R.* 429, *Penniman* v. *Hollis*; 15 *Pick.* 147, *Smith* v. *Shepard.* The plaintiff may, however, prefer resorting to his personal remedy against the assignee for recovering the rent, rather than enter for the non-payment of it. But whatever redress he may pursue as to the subject of rent, we are satisfied upon the facts agreed, that the plaintiff is entitled to maintain his action, and to the conditional judgment as in other cases of mortgage.