HOLMES AMIDOWN & others *vs.* SUMNER PECK.

No motion to abate a suit, or dismiss an action, can be sustained, except for some matter apparent on the record: If the matter does not appear on the face of the record, the defendant must allege it by plea.

On the trial of the general issue, in a writ of entry brought against a mortgagor, to foreclose a mortgage, he cannot give evidence that the demanded premises are subject to a mortgage previous and paramount to that which is held by the demandant, and that the holders of such previous mortgage, before the commencement of the demandant's action, recovered judgment for possession to foreclose, and took and still hold possession under such judgment.

THIS was a writ of entry to recover possession of land mortgaged by the tenant to secure a promissory note. The demandants counted as assignees of the mortgage and note, and the action was commenced in the court of common pleas. At the return term, the tenant filed a motion that the action might be dismissed, "because there was no sufficient writ, issuing from any clerk's office in the Commonwealth, under the seal of the court, and bearing the test of the chief justice, and signature of the clerk, as a writ, in compliance with thé provisions of the constitution, *c.* 6, art. *5.*" In support of this motion, the tenant offered to prove, by the testimony of the clerk of the court, that the blank, from which the writ was made, was issued from his office "as a separate summons for a writ of capias and attachment, and not as a writ of any form or kind ; that he did not receive the pay provided by the statute for blank writs, to wit, fifteen cents, but that the same was, when issued, attached to a writ, as a separate summons, the writ and summons together being paid for, as one ; and that when he did issue such a summons separately, he charged the sum of five cents." The court refused to admit this testimony, and overruled the motion to dismiss the action.

On the trial of the action, on the general issue, before *Merrick,* J. at December term 1845, the tenant offered to introduce evidence that the demanded premises were subject to a mortgage previous and paramount to that held by the demandants, and that the prior mortgagees, before the commencement of this action, had recovered judgment for possession, to

foreclose, and had taken possession under a writ of *habere facias,*which was issued on said judgment, and that said prior mortgagees still retained possession of the demanded premises, although their said judgment was reversed, on a writ of error, (10 Met. 172,) at the September term of this court, in 1845.

The judge excluded the evidence; a verdict was returned for the demandants; and the tenant alleged exceptions.

*W. A. Bryant,* for the tenant.

*N. Wood & F. A. Brooks,* for the demandants.

WILDE, J. At the first term of the court of common pleas, where this action was entered, the tenant moved to dismiss the same, because there was no sufficient writ; and this he offered to prove by the testimony of the clerk. This evidence was rejected; and we think it very clear that no such evidence was admissible to sustain the motion. The rule of law is well settled, that no *motion* to abate the suit, or to dismiss the action, can be sustained, except for some matter apparent on the record. Gould Pl. c. 5, §§ 134, 135. *Nye* v. *Liscombe,* 21 Pick. 263. *Rathbone* v. *Rathbone,* 4 Pick. 89. *Guild* v. *Richardson,* 6 Pick. 369. If the matter does not appear on the face of the record, the defendant must allege it by plea, that it may be traversed, put in issue and tried, if it is not admitted by a demurrer. *Simonds* v. *Parker,* 1 Met. 511. *Jacobs* v. *Mellen,* 14 Mass. 135.

This motion being overruled, the tenant then offered to prove, in defence to the action, that the demanded premises were subject to a mortgage, previous and paramount to that of the demandants, and that before the commencement of this action, the prior mortgagees had recovered judgment for possession, to foreclose the right of redemption. This judgment had been reversed on a writ of error. This, however, is not material; for if it had not been reversed, the tenant, not holding under the prior mortgagees, could not set up his title in defence to this action. But he also offered to prove that the said prior mortgagees still retained possession of the premises. It does not, however, appear that the possession was so retained, to the exclusion of the tenant, or otherwise. If, however. the

tenant was not in possession when this action was brought, he should have pleaded that fact in abatement, which he might have done notwithstanding the *St.* of 1836, *c.* 273, abolishing special pleas in bar. Or, if he could not so plead, he should have specified the same matter in the defence, disclaiming all right to the possession. But whether the tenant could, in any form, avail himself of such a defence, if this action was brought for the purpose of foreclosing his right of redemption, may be well doubted. In *Penniman v. Hollis*, 13 Mass. 429, it was decided that a mortgagee of a reversion or remainder might maintain an action for foreclosure, against the mortgagor ; and the reasons, on which that decision was founded, and which seem entirely satisfactory, are applicable to the present case. The process for foreclosing an equity, although in form an action at law, is in fact a suit in equity ; for the demandant is not entitled to any but a conditional judgment. In *Olney v. Adams*, 7 Pick. 31, it was decided that a mortgagor may plead a disclaimer in bar to a writ of entry to foreclose a mortgage, brought against him after he has assigned his right to redeem ; which implicitly decides that no such disclaimer can be pleaded in a case where the mortgagor has not assigned his right o redemption.

But it is not necessary to decide this point in the present case ; for the tenant has not disclaimed all right to possession, but attempts to defeat the action by setting up the title and possession of a third party, under whom he has no claim ; which cannot, upon any principle, be allowed.

*Exceptions overruled*