## SIMEON PALMER *vs.* JOHN FOWLEY.

A second mortgagee of land may enter and take possession for the purpose of foreclosure, while the first mortgagee is in for the like purpose; and if the second mortgage is foreclosed before the first, such foreclosure will cut off the equity of redemption, and all subsequent mortgages, though such mortgages are held by the first mortgagee.

THOMAS, J. This is a bill in equity for the redemption of a mortgaged estate. Michael Fowley, having a second mortgage upon the premises sought to be redeemed, made an entry under the provisions of the Rev. Sts. *c.* 107, § 2, for breach of the condition of the mortgage, and for the purpose of foreclosure. The entry was duly made and recorded, and the second mortgagee received for a time the rents from the tenants. The plaintiff, having the first mortgage, soon after made an entry upon the premises

46*

for breach of the condition and for foreclosure of the first mortgage. After his entry, the plaintiff received the rents of the estate. The plaintiff's entry did not result in a foreclosure, though for what reason does not appear. If it had, there could have been no occasion to bring this bill to redeem, as his right in the estate would have become absolute. The defendant is the assignee of the second mortgage and the rights acquired under it. The plaintiff, having become the assignee of a third mortgage, seeks by this bill to redeem the estate from the second.

The defence is, that by the entry made under the second mortgage for breach of condition and for foreclosure, with actual possession until the entry of the prior mortgagee, and, after that, constructive possession for the three years, the second mortgage was foreclosed, and the rights of the plaintiff, so far as he was the holder of the third mortgage, barred.

The reply is, that the second mortgagee had not the actual possession of the estate for three years.

The question is, whether, while the first mortgagee was in possession, the foreclosure of the second mortgage could proceed as against the third mortgage; or whether the entry under the first mortgage defeated the rights which the second mortgagee had acquired and was acquiring, as against the holder of the third or subsequent mortgages.

The precise point has not been decided in this court. But the principles from which its decision is the reasonable, if not necessary result are well settled. That result, we think, is, that the third mortgage is barred by the foreclosure of the second.

The Rev. Sts. *c.* 107, § 1, require, to foreclose a mortgage, a possession continued for three years. The *Sts.* of 1785, *c.* 22, § 2, and of 1798, *c.* 77, § 1, used the term "actual possession." Yet it was held, under the old statutes, that a writ of entry might be maintained for foreclosure by the mortgagee of a reversion, though the tenant for life was in the possession. *Penniman* v. *Hollis*, 13 Mass. 429. *Walcutt* v. *Spencer*, 14 Mass. 409. See also *Whittier* v. *Dow*, 14 Maine, 298.

The writ of entry to foreclose a mortgage has not been, in our practice, regarded as in all respects a real action, and sub-

ject to its strict technical rules. If the demandant establishes his title, he does not thereby necessarily get possession, but only a conditional judgment. The substance of the contract of mortgage is, that if the debt is not paid, the mortgagee shall have the interest in the land, which his mortgagor had. And a writ of entry is brought, or an entry made, that the mortgagee may avail himself of the limit to the right of redemption, prescribed by the statute. The writ of entry to foreclose is, in effect, as Mr. Justice Jackson remarks in *Walcutt* v. *Spencer*, a bill in equity to foreclose the right of redemption. The entry by the mortgagee, under the statute, is a process for the same purpose, to foreclose his mortgage, and by such foreclosure to acquire the interest in the premises, which his mortgagor had when the mortgage was made.

In the case of *Amidown* v. *Peck*, 11 Met. 467, which was a writ of entry to foreclose a mortgage, the tenant offered to show, in defence, that the demanded premises were subject to a prior mortgage, and that, before the commencement of the action, the prior mortgagees had recovered judgment to foreclose the right of redemption. That judgment had been reversed on a writ of error, though the mortgagees still retained possession. The court however say that, if the judgment had not been reversed, the tenant, not holding under the prior mortgage, could not set up his title in defence to the action. The same doctrine is stated in the earlier case of *Walcutt* v. *Spencer*. Though in neither case the principle was necessary to the decision, the cases show how the law has been understood, and foreshadow the rule of this.

In *Swift* v. *Mendell*, 8 Cush. 357, the foreclosure was held perfect, after an entry and taking of actual possession by the mortgagee, though the mortgagor remained in the occupation as before, for the three years; and this without payment of rent, or any other change in the nature of his occupation. *Bennett* v. *Conant*, 10 Cush. 163, is, if possible, a still stronger case to the same point. See also *Lennon* v. *Porter, ante*, 318.

These cases show the kind of possession required for the purposes of foreclosure; that a writ of entry may be maintained

or an entry made for foreclosure, though a third person may be in possession by a prior mortgage or paramount title.

It is well settled that the plaintiff could not avail himself of his rights under the first mortgage to enlarge those under the third · that, as against the owner of the second mortgage, the plaintiff, as third mortgagee, had but an equity of redemption ; that the second mortgagee might at any time have redeemed the estate from the first mortgage ; and that there could be no tacking and no merger of the first and third mortgages, so as to affect the rights of the second mortgagee.

The doctrine of tacking is only applied, in England, where the party who seeks to avail himself of it is a *bona fide* purchaser without notice of the prior incumbrance ; and is never allowed in this country as against registered mesne incumbrances ; such registration being constructive notice to all persons. 1 Story on Eq. §§ 421 *& seq.* 2 Cruise Dig. (Greenl. ed.) tit. 15, *c.* 3, § 37 *& note.* 1 Hilliard on Mortgages, 205. *Green* v. *Tanner,* 8 Met. 411.

There could be no merger; for the obvious reason that there was a valid intervening estate in a third person.

The owner of the second mortgage had a right to foreclose it. He made a legal entry for that purpose, which was duly recorded. He retained the actual possession till an entry was made under a prior title, the first mortgage. There was no ouster or disturbance of his possession by the owner of the equity of redemption. Whether the plaintiff was owner of the third mortgage, when he entered under the first, does not appear. If he was, there is no evidence of any acts done by him but a lawful entry and possession under his first mortgage. The entry under the first mortgage does not defeat the entry already made under the second. So far as all subsequent mortgages are concerned, the entries under the first and second are not inconsistent. The second mortgagee may lose his estate, if he does not redeem it from the first mortgage ; but as against all subsequent mortgages, or the equity of redemption, his title becomes as perfect as if the first mortgage did not exist. The second mortgagee thus acquires the exact title conveyed to him

by his mortgagor. He forecloses the right of redemption in the mode prescribed by law, and this without disturbing or impairing the rights of the first mortgagee.

Upon any other construction, a second mortgage would be of little value unless the second mortgagee at once redeemed the estate from the first mortgage; because the first mortgagee might keep the possession for foreclosure, or without the purpose of foreclosure, and by his possession defeat the power of the second mortgagee to foreclose his mortgage against a third mortgagee or the owner of the equity; and this without the first mortgagee taking the rents and profits, or accounting for them to the second mortgagee. *Charles* v. *Dunbar,* 4 Met. 498.

Under the construction thus given to the statute, the rights of the respective parties are saved, and without conflict. The entry is made and the notice given as the statute requires. The second mortgagee retains the constructive possession, without ouster or disturbance from the owner of the equity—the possession which, since the case of *Penniman* v. *Hollis,* has always been held sufficient for foreclosure. His rights, as against subsequent holders, are perfected. Those of prior holders are not impaired.                                            *Bill dismissed.*

*H. L. Hazelton,* for the plaintiff.

*A. H. Fiske,* for the defendant.