ISAAC W. DOTEN *vs.* SAMUEL HAIR.

Under the Rev. Sts. *c.* 107, § 29, a second mortgagee may maintain a writ of entry for foreclosure against the first mortgagee, who has taken possession of the premises for the like purpose, and has also obtained a conveyance of the equity of redemption from the mortgagor.

BIGELOW, C. J. A consideration of the relative rights of the parties now contesting this suit under the mortgages held by them respectively will lead to a ready solution of the question in controversy between them. The defendant is the first mortgagee, and is in actual possession and occupation of the premises under a formal entry to foreclose. He is also the owner of the right to redeem the whole estate by virtue of a deed from the original mortgagor. The plaintiff is the second mortgagee, and he brings this action for the purpose of foreclosure, and of cutting off this right of the defendant to redeem the estate from his second mortgage. What then are the rights of the respective parties ? Under the first mortgage it is clear that the defendant has the right to retain possession of the estate for the purpose of foreclosing against the plaintiff's right to redeem the estate under the second mortgage. But the plaintiff cannot be cut off from his right to redeem the first mortgage at any time within three years, nor can he be compelled to redeem within a shorter period. He has also a right to foreclose against the defendant's right to redeem his second mortgage, by taking the necessary steps to accomplish that end. Now the defendant, by the purchase of the right to redeem the plaintiff's second mortgage, ought not to be permitted either to compel the plaintiff to pay his first mortgage, and thus lose the benefit which the law gives him of the right to redeem within three years; nor ought he, by keeping possession under his first mortgage, to prevent the plaintiff from foreclosing against the right to redeem the estate under the second mortgage. Equitably then the case stands thus. The defendant has the right to hold the estate under the first mortgage, for the purpose of foreclosure as against the plaintiff's second mortgage. But the plaintiff

has the right to such possession as will enable him to foreclose as against the defendant the right to redeem his second mortgage. There is nothing inconsistent or irregular in permitting a foreclosure of both mortgages to be going on at the same time. The first mortgagee's possession operates to foreclose against the right of the second mortgagee to redeem ; but at the same time the second mortgagee may have such constructive possession as will operate to foreclose against the right to redeem the estate from his mortgage. While therefore the first mortgagee is in possession, the second mortgagee may proceed to foreclose as against the holder of the right to redeem the estate, and may well maintain a suit to enable him to commence such foreclosure. Nor does it make any difference that this right to redeem is held by the first mortgagee. The possession of each will operate according to their respective rights. *Palmer* v. *Fowley*, 5 Gray, 545.

Such being the clear equitable rights of the parties, the only remaining question is, whether they can be adjusted and enforced in this suit, which is in form a writ of entry to recover possession of the premises. There would certainly be great difficulty in giving effect to a possession of the same estate by two persons at the same time, so that each should foreclose against the right of the other, according to the precedence of their respective mortgages, if the parties were limited in this proceeding to the strict rules which govern real actions at common law. But in our practice a writ of entry to foreclose a mortgage has always been considered in the nature of a bill in equity. *Penniman* v. *Hollis*, 13 Mass. 429. *Walcutt* v. *Spencer*, 14 Mass. 409. And by the Rev. Sts. *c.* 107, § 29, the court have power in such cases to make such order, decree and judgment as justice and equity may require, and to issue such process as may be necessary or proper according to the course of proceedings in chancery. This provision seems not to have been re-enacted by the General Statutes, but this action was commenced before they took effect, and the right of the plaintiff to such equitable decree in the present case is secured by the Gen. Sts. *c.* 181, § 4, which provides that the repeal of the statutes

therein revised and re-enacted shall not affect any right accrued, or any suit or proceeding had or commenced in a civil case, before the repeal took effect. The plaintiff is therefore entitled to such judgment for possession of the mortgaged premises as will enable him to foreclose against the right which the defendant has of redeeming from the second mortgage, subject to the prior right of the plaintiff to hold possession for the purpose of foreclosing the first mortgage.

*Conditional judgment accordingly.*

*W. T. Harlow,* for the plaintiff.

*P. C. Bacon,* for the defendant, cited *Charles* v. *Dunbar,* 4 Met. 498 ; *Butler* v. *Taylor,* 5 Gray, 456.

