## CALVIN H. RUGGLES *vs.* JOHN BARTON.

Upon the hearing before an auditor appointed to state the amount due, on a writ of entry to foreclose a mortgage, which was made at the same time with a deed from the mortgagee to the mortgagor, containing a covenant against all incumbrances except a previous mortgage, and a general covenant of warranty, the plaintiff cannot charge the defendant with a sum since paid in discharge of that mortgage, by proof of an oral agreement between them at the time of making their conveyances that the defendant should assume the payment thereof, and of a mistake of the scrivener in drawing the deeds.

DEWEY, J.   This is a writ of entry to foreclose a mortgage made by the defendant to William A. Hayward, and assigned to the plaintiff by Hayward by force of a deed. The validity of this transfer of the mortgage has been already decided. *Ruggles* v. *Barton,* 13 Gray, 506. The plaintiff is entitled to his conditional judgment, and the further inquiry is as to the amount due on the mortgage.

The defendant insists that it is to be limited to the amount due on the notes secured by the mortgage, as recited in the condition thereof. The plaintiff claims, in addition thereto, that his assignor, to whose title he succeeds, had a further lien under this mortgage to secure the amount paid by him to relieve the premises from a prior outstanding mortgage thereon executed by Hayward to secure the payment of his promissory note to Samuel Allen for the sum of $390.

Upon looking into the facts stated in the case, it appears that Hayward, while the owner in fee of the premises, made the last named mortgage, and that it was an incumbrance thereon existing at the time of making the conveyance by him to the defendant by way of a sale of the place, and in connection with which on the same day the defendant gave back the mortgage now in suit. Hayward's deed to Barton was with full covenants of warranty. The exception in the covenant against incumbrances did not affect the covenant of warranty. *Estabrook* v. *Smith*, 6 Gray, 572. The payment by Hayward of that incumbrance was therefore only in discharge of his own liability upon his warranty to Barton. It is true that Barton's subsequent mortgage has similar covenants, but they are subsequent to the deed of Hayward, and must be construed as respects Hayward in reference to the conveyance by him, and would be well maintained, if there was no breach of warranty by Hayward.

If there was nothing further in the case, it would be obviously just, as well as the legal view of the matter, that Hayward should have no claims upon this mortgage for the money paid to Allen to discharge his own note and mortgage. Indeed in so doing he would be only discharging his obligation to Barton.

But at the hearing before the auditor appointed to hear the parties and state the amounts due on the mortgage, the plaintiff proposed to introduce evidence of a verbal agreement between Hayward and Barton at the time of the execution of the deed to Barton, and of the mortgage back to Hayward, to the effect that Barton was to assume the Allen mortgage, and pay the note to Allen, and also to show that the scrivener made a mistake in not so writing the deed.

This evidence was, we think, properly rejected by the auditor. In the inquiry before the auditor, the written document must be taken as proof of the agreement of the parties. If the party alleging error or mistake in the scrivener would avail himself of it, it should have been done by a bill in equity to reform and correct such mistake, and thus present a case upon the deeds which would have made the outstanding mortgage to Allen a proper subject of payment to Hayward in the capacity of a

mortgagee of Barton, and not as it now appears upon the written instruments, a payment in discharge of his warranty to Barton, and which he should have paid without remuneration from Barton. But such mistake of the parties must be expressly charged and put in issue, and upon strong and satisfactory proof may be corrected in that way. *Canedy* v. *Marcy*, 13 Gray, 373. This claim of the plaintiff must therefore be rejected. *Conditional judgment accordingly.*

*T. G. Kent*, for the plaintiff, cited *Godfrey* v. *Watson*, 3 Atk. 517; *Page* v. *Foster*, 7 N. H. 392; *Silver Lake Bank* v. *North*, 4 Johns. Ch. 370; *Reed* v. *Reed*, 10 Pick. 400; *Sparhawk* v. *Wills*, 5 Gray, 423; *Stevens* v. *Miner*, 5 Gray, 429 note; *Walcutt* v. *Spencer*, 14 Mass. 409; *Peck* v. *Hapgood*, 10 Met. 172; *Stewart* v. *Clark*, 11 Met. 384; *Palmer* v. *Fowley*, 5 Gray, 546; *St.* 1856, *c.* 38, § 1; *Canedy* v. *Marcy*, 13 Gray, 373; Gen. Sts. *c.* 113, § 2; *Holland* v. *Cruft*, 20 Pick. 321; *Goodrich* v. *Staples*, 2 Cush. 258; *Boyden* v. *Partridge*, 2 Gray, 194; *Willie* v. *Lugg*, 2 Eden, 80; 1 Fonbl. Eq. bk. 1, *c.* 3, § 9 & note; *Carpenter* v. *Buller*, 8 M. & W. 209; Com. Dig. Estoppel, E. 4.

*P. C. Bacon*, for the defendant.