CHARLES A. WESTON *vs.* ELIZABETH M. SPILLER.

It is no defence to a real action to prove that, since the date of the writ, a mortgagee of the premises has entered for the purpose of foreclosure, and that the tenant now holds under him.

CHAPMAN, J. This is a writ of entry in which the demandant alleges that the tenant has disseised him, and claims to hold the premises to her sole and separate use free from the interference or control of all persons whatsoever. The answer denies the disseisin; alleges that Luke Fowle had title to the premises under a mortgage from William T. Spiller, her husband, to him, dated January 27, 1855, in which she released her right of dower and homestead; that the mortgage was assigned by Fowle to Lewis L. Whitney, May 4, 1855; that Whitney entered upon the premises to foreclose the mortgage for breach of its condition, April 3, 1858 (which was subsequent to the commencement of this suit, the writ being dated February 6, 1858); that William T. Spiller has ever since said entry occupied the premises as servant, tenant and agent of Whitney, and that the tenant

11 *

lives on the premises with her husband, and is supported by him. She also alleges that the premises have been conveyed to her, and that she has title to the same, subject to the mortgage of Whitney. She thus alleges not only adverse titles in her answer, but unnecessarily recites the evidence upon which they depend.

At the trial of the cause, the demandant had proved that he was a creditor of William T. Spiller, and had recovered judgment against him, and that upon his execution the officer had sold to him the equity of redeeming Fowle's mortgage, by deed dated September 5, 1857 ; and he was proceeding to prove that the deeds under which the tenant claims title to the equity were void, because they were made in fraud of creditors. The further progress of the trial was then arrested by a ruling of the judge. The demandant having admitted the validity of the mortgage to Fowle, and the entry for foreclosure by Whitney, the judge ordered a nonsuit, on the ground that it was competent for the tenant to prove that her husband had acquired the right set forth in her answer, under Whitney, since the commencement of the suit. The case comes up on exception to this ruling of the judge.

The ordering of a nonsuit, if the ruling was otherwise correct, does not appear to have been objected to. But the principal point has been repeatedly settled in favor of the demandant by this court. In *Curtis* v. *Francis*, 9 Cush. 443, it is said that " evidence of an outstanding title, acquired by the tenant after the institution of the suit, is inadmissible. Especially should it be so held, as respects the acquisition of an outstanding title of a mortgagee of the demandant. If it were otherwise, no one who had mortgaged his estate, however small the incumbrance, could safely institute an action at law to settle a controverted title with a third person, without the hazard of being defeated of his judgment, after a protracted and expensive litigation, by such new rights acquired under a mortgagee. The cases cited warrant no such defence, but the contrary is the well settled law." Three cases are there cited from our own reports, and one from Maine, in which this point had been previously

settled.   Although this is not the case of a mortgage made by the demandant, the mortgage is one subject to which both parties claim their respective titles, and the object of the suit is to settle these titles.   And the mortgage is for an inconsiderable sum, being less than $200.

Several authorities are cited by the tenant's counsel in which it is said that if, pending a writ of entry, the tenant is ousted by one holding a paramount title, the writ abates.   The first of these is *Walcutt* v. *Spencer*, 14 Mass. 409.   In that case the principle is stated; the defence did not prevail however, because it was not specially pleaded.   But the court expressed the opinion that, if it had been pleaded, it would not have availed the tenant in that action.   It was a case much like the present. The tenant claimed to be in under a mortgagee, subject to whose title both parties claimed; and who had entered for foreclosure since the commencement of the action.

The next authority cited is *Eldridge* v. *Acocks*, 2 Pick. 319. The principle was there admitted, but it was held to be inapplicable to that case.   The tenant had been ousted by creditors, who had levied their executions upon the premises since the commencement of the suit.

The remaining authority is Jackson on Real Actions, 143, 144. He states the doctrine, but qualifies it so as to exclude cases such as those last cited, and cases like the present.   He says : " If the estate of the tenant depended on a condition to be performed by himself, and the condition is broken pending the writ, and the feoffor thereupon enters, it is said that this shall not abate the writ."   " So if he forfeits the estate by the breach of a condition in law."

The tenant sets up her husband's tenancy and her occupation under him to defeat this action ; and the failure to remove the incumbrance which he himself had created gave the right of entry to Whitney.   If the estate is in law forfeited to the holder of the mortgage, it is by his own breach of the condition of the mortgage.   The authorities cited by the tenant are therefore adverse to her.

The recovery which is spoken of as abating the writ must be

by a stranger; it must be in a suit against the tenant; it must not be by collusion, nor by *nihil dicit* upon a writ brought after the first writ was purchased; and it must appear that execution is sued upon the recovery. It is a good replication that the tenant was tenant at the day the writ was purchased and still is. Com. Dig. Abatement, H. 54. So that the tenant must be actually ousted, by a stranger having a title with which the tenant has no connection, and under which he is forcibly ejected from the premises. It seems too that the ouster must be under a suit commenced prior to the demandant's action. In such case there is an apparent propriety in permitting the tenant to plead in abatement, since the last continuance, an ouster that prevents him from carrying on the contest with the demandant any further. But this is a very different thing from attempting to strengthen an actual possession of the land, by making an arrangement with some adverse claimant while the suit is pending.                        *Exceptions sustained.*

*J. M. Randall*, for the demandant.

*J. P. Converse*, for the tenant, cited *Walcutt* v. *Spencer*, 14 Mass. 409; *Eldridge* v. *Acocks*, 2 Pick. 319; Jackson on Real Actions, 143.