### JOSEPH TUFTS *versus* WILLIAM MAINES.

If, after the commencement of a real action, the tenant abandon the premises and the demandant take possession, the action cannot be further maintained for the purpose of recovering the demandant's costs.

But a mortgagee, under such circumstances, may maintain his action for the purpose of foreclosing his mortgage.

By prosecuting such a suit to final judgment and execution in his favor, the mortgagee waives foreclosure in any other mode, and the mortgager's right to redeem will be extended accordingly.

51 393
51 393
63 545
74 109
76 561

ON REPORT from *Nisi Prius*, RICE, J., presiding.

*Linscott & Pillsbury*, for demandant.

*C. F. Pillsbury*, for tenant.

The case is stated in the opinion, which was drawn up by

DAVIS, J.—This is a *real action*, in which the demandant claims title under a *mortgage*. After it was commenced, the mortgager abandoned the premises, and the demandant entered into possession. Is he thereby precluded from further maintaining this suit?

That such was the old common law rule in actions of *ejectment*, there can be no doubt. Com. Dig. Abatement, H.; Jackson's Real Actions, 165; Stearns' Real Actions, 215. And it seems to have been incidentally recognized in some cases in this country. *Burnham* v. *Howard*, 31 Maine, 569; *Crosby* v. *Wentworth*, 7 Met., 10.

But in *ejectment*, at common law, no damages, or mesne profits, were recoverable. The *only* object of the suit was *possession of the land*. And, having obtained that, the plaintiff could not, as is suggested by counsel in this case, prosecute the suit *for his costs*. Costs for the prevailing party are but incidental to the judgment. And, if a plaintiff has lost his right to recover *damages*, he has no right to recover costs. As well might a plaintiff in *assumpsit*, after voluntarily accepting payment of the *debt*, claim to maintain his action for his costs.

It has been seriously questioned in this country, whether in a *real action*, especially if it is to settle the question of *title*, or if *mesne profits* on the one side, or the value of *improvements* on the other, are to be recovered, this rule should be applied. As *possession* is not the only object of the suit, it is contended that obtaining possession, without any adjustment of the other matters in controversy, ought not to bar the further prosecution of it. So it was held in Connecticut, in *Verner* v. *Underwood*, 1 Root, 73, in a *per curiam* opinion. The question was very carefully considered in New York, by PARKER, J., and such possession was held

not to be a bar to the maintenance of the action, in *Tyler* v. *Canaday*, 2 Barb. S. C., 160. And to the same effect substantially are *Price* v. *Sanderson*, 3 Harr. (N. J.,) 426; and *McChesney* v. *Wainright*, 5 Ham. (Ohio,) 452.

But however this may be in ordinary cases of disseizin, the rule cannot be applied to an action by a *mortgagee.* He has a right *by the statute* to maintain such an action, not merely to obtain possession, but as one mode of *foreclosing the mortgage.* R. S., c. 90, § 3. Therefore subsequently obtaining possession will not bar his action. *Walcutt* v. *Spencer*, 14 Mass., 409.

If it be said that he has not the right to pursue *two* modes of foreclosure at the same time; while this is not admitted, it is replied, that the mortgagee had the right to possession, without foreclosing; and the case does not show that he had any " certificate" of his entry *recorded*, so as to perfect his proceedings in that mode. And if it were otherwise he had the right to *waive* it. By prosecuting this suit to final judgment and execution in his favor, he does waive foreclosure in any other mode, and the mortgager's right to redeem will be extended accordingly. *Fay* v. *Valentine*, 5 Pick., 418.

According to the agreement of the parties, *judgment must be entered for the demandant.*

APPLETON, C. J., KENT, WALTON and DICKERSON, JJ., concurred.