WILLIAM W. FLETCHER *vs.* MARY P. CARY.

An entry to foreclose a mortgage is not waived by the mortgagee's bringing a writ of entry against a tenant at will of the mortgagor, and obtaining judgment for possession, but not seeking conditional judgment, nor causing the writ of possession to be served until after three years have elapsed from the recording of the certificate of entry.

BILL IN EQUITY to redeem land in Cambridge from a mort-gage. The case was submitted to the judgment of the court on a statement of facts agreed substantially as follows :

Moore R. Fletcher, in 1855, being the owner of the land, mortgaged it to John Henshaw, who in 1856 assigned the mort-gage to the New England Mutual Life Insurance Company. In 1857 the plaintiff, through mesne conveyances duly recorded, became the owner of the land, subject to the mortgage, and de-mised it to Moore R. Fletcher, at a rent payable half yearly in advance, by a written instrument which did not specify any term for the demise. On October 29, 1861, the condition of the mortgage being broken, the insurance company made an open and peaceable entry on the land for the purpose of foreclosure, and the certificate of entry was duly sworn to and recorded, but the occupation of the land by Moore R. Fletcher was not dis-turbed. In 1862 the insurance company brought a writ of entry in the superior court against Moore R. Fletcher, who still occu-pied the premises. The declaration alleged that the tenant, in 1855, being seised of tne premises in fee, mortgaged them to

Henshaw, who assigned the mortgage to the demandants, " by force whereof the demandants then and there became seised " of the premises " in their demesne as of fee and in mortgage as aforesaid, and ought now to be in quiet possession thereof ; yet the tenant hath since and without judgment of law illegally entered into the demanded premises, disseised the plaintiffs, and still unjustly withholds the same from them." In 1863 the insurance company obtained judgment for possession, and a writ of possession was issued, but no conditional judgment was asked for or entered, and the writ was not put into the hands of an officer. On December 14, 1865, up to which time Moore R. Fletcher had remained in occupation, the company were put in actual possession of the premises by means of an *alias* writ of execution issued on the judgment in the writ of entry and duly recorded; and the company, on December 28, 1865, conveyed the premises to the defendant in this suit by a quitclaim deed containing the following clause : " And entry on said mortgaged premises made by the grantor corporation, under said mortgage. and for the purpose of foreclosing the same for condition broken, on October 29, 1861 ; and full possession thereof acquired December 14, 1865, by writ of possession issued from the superior court, duly recorded with Middlesex deeds."

*J. S. Abbott,* for the plaintiff. The possession was not continued peaceably for three years. Gen. Sts. *c.* 140, § 1. The proceedings of the insurance company were a waiver of all rights under the entry. *Fay* v. *Valentine,* 5 Pick. 148. *Smith* v. *Kelley,* 27 Maine, 237.

*C. P. Curtis,* for the defendant, besides the cases referred to in the opinion, cited *Taylor* v. *Dean,* 7 Allen, 251; *Hobbs* v. *Fuller,* 9 Gray, 98; *Page* v. *Robinson,* 10 Cush. 99; *Devens* v *Bower,* 6 Gray, 126; *Farlow* v. *Ellis,* 15 Gray, 229; *Joslin* v. *Wyman,* 9 Gray, 63; *Lawrence* v. *Fletcher,* 8 Met. 153, 165 *Erskine* v. *Townsend,* 2 Mass. 493 ; *Treat* v. *Pierce,* 53 Maine 71, 78; *Webster* v. *Vandeventer,* 6 Gray, 428 ; *Peck* v. *Hapgood* 10 Met. 172; *Vinton* v. *King,* 4 Allen, 562; *Gordon* v. *Hobart* 2 Sumner, 401 ; *Straw* v. *Greene,* 14 Allen, 206; *Robbins* v *Rice,* 7 Gray, 203 ; *Adams* v. *Parker,* 12 Gray, 53; *Wolcott* v *Winchester,* 15 Gray, 461; *Cronin* v. *Hazleton,* 3 Allen, 324.

AMES, J.   The assignee of the mortgage made a peaceable entry, for breach of condition, upon the mortgaged property, October 29, 1861, and this entry was duly certified, sworn to and recorded, in compliance with the requirements of the Gen. Sts. *c.* 140, § 2.   Whether, under the circumstances, the effect of that entry, and the lapse of three years without any attempt to fulfil the conditions of the mortgage, has been sufficient forever to foreclose the right of redemption, is the question submitted to the court.

The possession which the mortgagee is required to take and to maintain, in order to accomplish an effectual foreclosure of the mortgage, is by no means a personal occupation of the mortgaged estate by himself, or even the actual appropriation of the rents and profits.   It is a formal entry, and a constructive rather than a literal taking of possession.   It is of no importance that it produces no change in the occupation.   It is not an entry for the purpose of literally ousting and expelling the mortgagor, but in the language of this court in *Swift* v. *Mendell*, 8 Cush. 357, 359, it is for the purpose of giving " ample and full notice to the mortgagor that his right of redeeming will be gone in three years."   Even before the present system of certifying and recording the entry for breach of condition was established, it was not necessary that the entry and possession of the mortgagee should be notorious and public, but the object of the law was that " the mortgagor may know when the three years commence, beyond which his right to redeem will cease." See *Thayer* v. *Smith*, 17 Mass. 429, a case which certainly implies that actual notice to the mortgagor is equivalent to a continued possession.   The registration of the certificate is a full and authoritative notice to all persons of the fact and date of the mortgagee's peaceable entry; of the cause of such entry, namely, the breach of condition; and of his purpose to foreclose; necessarily implying his intention to keep the possession he had lawfully acquired, for the term of three years.   This makes the entry of the mortgagee a legal and binding act, as between the mortgagor and mortgagee, and affords full constructive notice of all the material facts to all other persons hav

ing occasion to know and act upon them. *Bennett* v. *Conant,* 10 Cush. 163. If the entry be duly recorded, it is wholly immaterial whether the owner of the equity of redemption had actual knowledge of it or not. An entry upon a small portion of a large tract is sufficient. An entry on one of several lots included in the same mortgage is also sufficient, though they may be quite remote from each other. It is no valid objection to such entry that it was made in the night time, and was intended to be secret. *Ellis* v. *Drake,* 8 Allen, 161. " Permitting the mortgagor to continue in the occupation of the premises is also held not to defeat the operation of an entry for foreclosure. The rule of law as now held seems to be, that the entry by the mortgagee for condition broken, in the presence of two witnesses, and a certificate thereof duly sworn to before a justice of the peace, and duly recorded, are all that is necessary to effect a foreclosure." " Since the provision in the Rev. Sts. *c.* 107, § 2, for recording the evidence of the entry of the mortgagee, this must be considered constructive notice, by which all persons may ascertain the relation which the mortgagee holds to the property; and the mortgagor, and all claiming under him, are conclusively prevented from holding adversely to his paramount right." Ib. 163. *Lennon* v. *Porter,* 5 Gray, 318.

There would seem then to be no doubt that the mortgage is effectually foreclosed, unless the suit brought by the insurance company, as assignees of the mortgage, against Moore R. Fletcher, and the recitals in their writ and in their deed of the premises to the defendant are to be deemed conclusive, as matter of law, upon the point that the mortgagee did not retain the possession which had been taken. But this plaintiff was not a party to that suit. He does not claim under any title derived since the commencement of that suit from Moore R. Fletcher. It is true that in a writ of entry the demandant describes himself as out of possession, and represents the tenant as for the time being in possession, but as a wrongdoer, holding out the true owner. It is not uncommon for a party to elect to consider himself as disseised, in order to try his title in a real action; and it is very clear that a party may admit the

actual possession of another, for the sake of the remedy, without admitting such possession to be lawful. *Dorrell* v. *Johnson*, 17 Pick. 263. It would be a considerable stretch of a purely artificial rule to say that a technical and formal admission of this kind, made for the sake of enforcing a convenient remedy, and not intended as a literal description of the matter of fact, should operate as a conclusive admission in favor of a third person, who was not a party or privy to the suit. There is no legal or imperative necessity for holding that that suit was brought for the foreclosure of the mortgage. It was brought against a party that had no right of redemption, and did not claim to hold the equity, but whose title was only that of a tenant at will, or at most a tenant from year to year; and it is difficult to see how a conditional judgment, if such a judgment had been obtained, could have been of any avail against the true owner of the equity of redemption, who had never been made a party to the suit. A writ of entry to foreclose is in effect a bill in equity to foreclose, and the owner of the right of redemption is an indispensable party. *Walcutt* v. *Spencer*, 14 Mass. 409. *Palmer* v. *Fowley*, 5 Gray, 545. The judgment actually taken was not the conditional but the common law judgment, and it has been held that a mortgagee, even after breach of condition, may take judgment at common law, when the object of the suit is not to foreclose the mortgage. *Green* v. *Kemp*, 13 Mass. 515. There are numerous authorities to the effect that the bringing of such a suit, even for the purpose of foreclosure, is not an abandonment of the possession previously taken. *Merriam* v. *Merriam*, 6 Cush. 91. *Mann* v. *Earle*, 4 Gray, 299. The demandant in that suit was claiming under a mortgage title, and could not lawfully allege his seisin to be other than " in mortgage." Gen. Sts. *c.* 129, § 3. The form of his declaration is therefore very far from being an indication that the suit was brought for foreclosure. No use was in fact made of the writ of possession taken out upon the judgment, until after the three years from the original entry had expired.

It appears to us then that the mortgagee, who has that kind of possession which is necessary and sufficient for the purpose

of foreclosure, namely, the constructive possession, by no means admits himself out of possession, or waives the benefit of his formal entry, so far as the owner of the equity and himself are concerned, by bringing a writ of entry against a mere stranger or wrongdoer. The case of *Fay* v. *Valentine*, 5 Pick. 418, upon which the plaintiff relies, and which was decided before our practice act went into effect, differs from the case at bar in several material particulars. That was the case of a suit by mortgagee against mortgagor for foreclosure, for breach of condition, in which the conditional judgment was entered. Some months after the date of the judgment the mortgagee entered, *in pais*, in the presence of witnesses, for breach of condition. About a year later, he sued out a writ of possession upon the conditional judgment which he had obtained, and delivered the writ to a deputy sheriff, who executed it and made return that he had delivered possession to the mortgagee accordingly. The court held that the entry under the writ was a waiver of the previous entry *in pais*. In the case at bar, the suit was not necessarily or in fact a suit to foreclose; it was not a suit against the owner of the equity; no conditional judgment was rendered; and the writ of possession was only used, after three years from the date of the entry for breach of condition had expired, for the purpose of removing a stranger and intruder, and not for putting the mortgagor or any one holding his title out of possession. The case of *Smith* v. *Kelley*, 27 Maine, 237, cited by the plaintiff, was decided, so far as this point is concerned, on the authority of *Fay* v. *Valentine*. Both courts, in rendering their judgments, say that the case in that respect is in principle like that of a landlord accepting rent from his tenant after the expiration of a notice to quit; an analogy which under the peculiar circumstances of the case at bar is certainly somewhat remote.

For these reasons we hold the foreclosure, upon which the defendant relies, to have been effectual; and the order therefore must be *Bill dismissed, with costs.*