JAMES P. COOK & another *vs.* GEORGE S. JOHNSON.

Suffolk. November 14. — 20, 1876. AMES & LORD, JJ., absent.

The tenant of a mortgagor is not liable to him for rent that accrues after the mortgagee has entered and required that the rent shall be paid to himself, although the mortgagee's entry is not effectual for the purpose of foreclosure; and a subsequent entry for the purpose of foreclosure is not a waiver of the mortgagee's right to the rents under the previous entry.

CONTRACT on an account annexed for the rent of certain premises on Washington Street, in Boston, from August 1 to October 1, 1874.

At the trial in the Superior Court, before *Rockwell*, J., without a jury, it appeared that the plaintiffs were the assignees of the lessor of a lease of the premises for the term of five years from October 1, 1873; that before the execution of the lease the premises were mortgaged, but the lease was made and assigned prior to any breach of the mortgage; that the mortgage was assigned to one Evans, who still held the same; that

the defendant was the lessee named in the lease, and was in possession of the premises throughout the year 1874 ; that Evans entered, after breach, upon the premises, for the purpose by him declared of foreclosing the right of redemption under the mortgage, and for the purpose of collecting the rents, on July 31, 1874, and notified the defendant to pay the rent to the plaintiffs, for the month of July, but to pay the subsequent rent to him. By said lease rent was payable on the last day of each and every month, for that month. On August 31, 1874, thirty-one days after entry, Evans filed in the registry of deeds for the county of Suffolk a sworn certificate of two witnesses of entry for the purpose of foreclosure, and the same was on that day recorded, and no other certificate was either made, filed or recorded.

On August 1, 1874, the rent for the month of July was paid by the defendant to the plaintiffs. From that time until October 28, 1874, no rent was paid to any one by or in behalf of the defendant. On October 6, 1874, Evans made an entry for the purpose of foreclosing the right of redemption under the mortgage and for the purpose of collecting the rents, and recorded the certificate thereof on October 8, 1874. The rents for the months of August and September were demanded of the defendant by the plaintiffs on October 15, 1874, and the defendant was at that time notified by the plaintiffs that they should hold him responsible therefor. The defendant had knowlege of the entry on October 6, 1874. The defendant paid Evans the rents for August and September, on October 28, 1874, taking from him a written agreement to return them if the plaintiffs should ever recover the same of the defendant.

Upon these facts the plaintiffs asked the judge to rule that the second entry was a waiver of the first entry. The judge declined so to rule, but held that as matter of law the second entry was not a waiver of the first entry, and on this ground found for the defendant. The plaintiffs alleged exceptions.

*F. Goodwin & F. E. Bryant,* for the plaintiffs.

*E. D. Sohier & C. A. Welch,* for the defendant.

GRAY, C. J. Although the first entry of the mortgagee was ineffectual for the purpose of foreclosure, because the certificate thereof was not recorded within thirty days, as required by the

Gen. Sts. *c.* 140, § 2, yet that entry, with the notice to the tenant, was sufficient to entitle the mortgagee to the rents under the lease made since the mortgage. *Stone* v. *Patterson*, 19 Pick. 476. *Welch* v. *Adams*, 1 Met. 494. *Shepard* v. *Richards*, 2 Gray, 424. The subsequent entry for the purpose of foreclosure may have been a waiver of any right to foreclose under a previous entry, but did not impair the mortgagee's right to the rents, or waive the effect of his previous entry and notice, so far as that right was concerned. *Fay* v. *Valentine*, 5 Pick. 418. *Page* v. *Robinson*, 10 Cush. 99. *Fletcher* v. *Cary*, 103 Mass. 475.                                             *Exceptions overruled.*