ROBERT HAGGERTY *v.* JAMES KERRIGAN.

Norfolk, April, 1908.

*Mortgage — Right to Possession — Tenant in Possession*
*Acquiring Overdue Mortgage — Writ of Entry.*

This is a writ of entry to recover a certain parcel of land situated in Quincy. The demanded premises were owned on October 13, 1856, in fee by one Thomas Haggerty, who on that date conveyed them in mortgage to one Curtis to secure the payment of five hundred dollars in five annual payments of one hundred dollars each. The mortgage did not contain any power of sale, but it did provide that upon fulfilment of the condition therein named the said mortgage deed and promissory note thereby secured should be absolutely void, and that until default said mortgagee, his representatives or assigns, should have no right to take possession of the premises. Said Haggerty died in 1857 intestate, leaving a widow Nancy, and as his only heir a son, the demandant, then a minor of six years of age. The widow and her said son continued to live on the premises, and about two years later she married the tenant who also took up his home with her. The demandant continued to live at home with his mother and stepfather until 1868 when he left the demanded premises and has not lived on them since. The tenant and his wife continued in occupation of the premises until the death of the latter in 1893, and the tenant has continued to occupy them ever since. In 1857 the mortgage was assigned by Curtis to one Wilmarth and the mortgage notes endorsed by him to her order. In 1863 " the mortgage and note thereby secured " was assigned by Wilmarth

to one Hardwick in ordinary form, but the mortgage notes were not endorsed.  In 1871 the mortgage, promissory notes, and debts and claims thereby secured were assigned by said Hardwick to the tenant, but without any endorsement of the notes.  The original mortgage, instruments of assignment and promissory notes were, however, delivered to the tenant and by him produced in court.  The last endorsement of interest on the notes is an endorsement of interest October 13, 1870.  The tenant paid five hundred dollars for the assignment of the mortgage and notes.  No payment has ever been made by the demandant on the principal or interest of the mortgage debt.  Neither has any act ever been done by him in recognition of the mortgage.  The demandant testified that he was told by his mother about 1865 that the mortgage had been paid.  The tenant has never received any payment from anybody on said mortgage indebtedness.  No statutory entry to foreclose said mortgage has ever been made.

The situation of the parties in this case is the reverse of that in the cases in which the tenant having already a mortgage title makes an entry for the purpose of foreclosure. In the latter case the tenant is in under his mortgage, and whether his entry be effectual for the purpose of foreclosure or not, is, if the mortgage be overdue, immaterial; he has the mortgage title, he is entitled to possession by virtue of its terms, and he is actually in.  Whatever the rights of the mortgagor may be in equity, whether of redemption, or, if the mortgage has been actually paid, of cancellation, he has no legal title, and no legal right to possession which will support a writ of entry.  Parsons v. Welles, 17 Mass. 419; Bigelow v. Willson, 1 Pick. 485; Howe v. Lewis, 14 Pick. 329; Mayo v. Fletcher, 14 Pick. 525; Sherman v. Abbot, 18 Pick. 448; Cook v. Johnson, 121 Mass. 326.  Here the tenant was in possession without title when he took an assignment of the mortgage.  The principle upon which the

rights of the demandant depend is the same however. The mortgage which his father gave was in form a deed absolute, subject to a strict condition; the condition was not fulfilled, and the tenant holds the legal title by assignment in due form. Whatever the rights of the demandant in other proceedings, statutory or equitable, he cannot maintain a writ of entry.

Judgment for the tenant.

E. H. Jose for demandant.

J. W. McAnarney for tenant.