Jackson, J.,
delivered the opinion of the Court. This is unquestionably a plea in abatement. If this matter might be pleaded in bar, yet it may also be pleaded to the writ; and therefore the rule aid down by Lord Holt, in 1 Lord Raym. 593, cited in Bac. Abr. uitle Abatement, P, would not apply. And, besides, the plea neither begins nor concludes in bar; for, although the expression in the beginning, “ that he cannot render,” &c., is not in the form of any other plea in abatement, neither is it appropriate to a plea in bar.
As to the question whether it might have been pleaded in bar, this Court having decided, in the case of Prescott vs. Hutchinson, that a disclaimer may be so pleaded, it seems to follow that non-tenure may be pleaded in like manner. In the case of Keith vs. Swan, this point does not seem to have been much considered; as there was another ground suggested for that judgment, and the Court adopted the rule of the ancient common law as to the form of the plea of non-tenure. But in modern times many grounds of defence, which were formerly pleaded to the writ, and which show that the action is misconceived, or that the defendant is not liable to it in any shape, are considered as applying to the action itself, and may be taken advantage of accordingly.
This liberality in applying the rules of pleading is peculiarly * necessary in real actions, in which many matters that may be material to the just defence of the tenant were in ancient times pleaded to the writ or to the action of the writ; and if all these must now be pleaded in abatement, and the pleas filed, according to our statute, on the first day of entering the actions in the Court of Common Pleas, the tenant may often be concluded, when he has a sufficient defence, for want of time to investigate and to state it properly. Williams, in his notes on Saunders, (3) justly remarks that the plea of non-tenure, although it prays judgment of the writ, is not strictly in abatement; for, instead of giving the demandant a better writ, it shows that the tenant is not liable to the action in any shape. The replication, *209 traversing this plea, is the same with a replication to a disclaimer, as provided by our statute of 1795, c. 75. This shows that the two pleas are substantially the same.
In the case before us, the demandant might have objected to the filing of this plea in abatement; but as she has demurred, there, must be

Respondeos ouster awarded.

 2 Saund. 44, note 4.