## HANNAH DEWEY *versus* ROSWELL BROWN Junior.

Special non-tenure may be pleaded in bar as well as in abatement.
A plea of special non-tenure alleging that A, under whom the tenant held, was *seised* of the demanded premises, but not stating of what estate he was seised, was adjudged sufficient.

WRIT *of right.* The tenant pleaded *in bar*, that he was not tenant as of freehold ; but that one Holcomb was " seised " of a part of the messuage demanded, and demised the same to the tenant to be held by him as tenant at will, by virtue whereof he entered and became possessed as tenant at will ; and that one E. Brown and one H. Brown were seised of the residue of the messuage in their demesne as of fee, and demised the same to the tenant to be held by him as tenant at will, &c.

The demandant demurred, *first*, because the plea was in bar and not in abatement ; and *secondly*, because it did not allege of what estate Holcomb was seised, nor whether he was seised by right or by wrong, nor that he had a freehold in the land described in the plea.

*Sept 26th.*　　*Lathrop*, in support of the demurrer, said that *general* non-tenure might be pleaded either in bar or abatement, but that *special* non-tenure could be pleaded only in abatement In relation to the second cause of demurrer he cited Stearns on Real Actions, 207 ; Booth, 29.

*Blair, contrà,* cited *Otis* v. *Warren*, 14 Mass. R. 239.

_____

[1] See Revised Stat. *c.* 7, § 10.

242

The opinion of the Court was drawn up by

PARKER C. J    It was decided in the case of *Otis* v. *Warren*, 14 Mass. R. 239, after a review of the authorities, that non-tenure may be pleaded in bar as well as in abatement. The reasons given in support of that decision apply as well to a special as to a general non-tenure, and no authority has been shown to justify the distinction taken in the argument between the two species of non-tenure. In either case the plea goes to defeat the action, and no new writ can be given in the plea, because the facts of the plea show that no action can be maintained against the tenant to the writ, he not being tenant of the freehold and therefore not liable on a writ of entry.[1]

We do not think the cause of demurrer secondly assigned is sufficient to avoid the plea, viz. that it is not alleged in the plea of what estate Holcomb, under whom Brown is possessed as tenant at will, was seised. The allegation that he was seised necessarily imports at least a freehold estate, and that is sufficient to show that Holcomb is the proper person to be sued in a writ of entry. The tenant may not know of what estate his landlord is seised.

*Plea  adjudged  good.*

<div align="right">

Dewey
v.
Brown.

O. t. term, in Norfolk.

---

[1] See *Keith* v. *Swan*, 11 Mass. R. (Rand's ed.) 217, n. a ; Stearns on Real Actions, (2d ed.) 193