## Case No. 4,621.

FALES et al. v. GIBBS et al.

[5 Mason, 462.][1]

Circuit Court, D. Massachusetts. May Term, 1830.

Mr. Aylwin, for demandant.
Mr. Osgood, for defendant Kelly.

[1] [Reported by William P. Mason, Esq.]

STORY, Circuit Justice. I give no opinion upon the exactness or regularity of the pleadings in this case, though they might be open to observation, because the parties have at the argument put the case upon the single point, whether Kelly, as tenant at will, is liable to be sued in the present action. It is true, that the defendant has suggested, that he has principally in view the question, whether he is liable to pay rent to the demandant since the commencement of the suit, he having paid it up to the 19th of April last. But that point cannot arise in this case, for no rent is recoverable in the present form of action. Where the rent has been paid to the mortgagor, or any person claiming under him, without objection by the mortgagee, the doctrine of Lord Mansfield, in Keech v. Hall, 1 Doug. 21, might be deemed applicable. But that is the less necessary to consider, because in Wilder v. Houghton, 1 Pick. 87, the supreme court of Massachusetts have held, that a mortgagee cannot maintain an action for mesne profits for the time elapsed after the commencement of his suit, and before his obtaining possession in an action to foreclose the mortgage. This was thought by the court, to be a necessary result from our statutable provisions on the subject of mortgages. See Bigelow, Dig. (2d Ed.) note of the editor, page 526.

It is well known, that writs of entry to foreclose mortgages according to our local practice are not governed by the strict doctrines of the common law, applicable to writs of entry. Our statutes have necessarily introduced some modifications of the principles and practice under the writ, when brought to enforce a mortgage. The judgment is not a general judgment for possession, but is a conditional judgment, that the demandant shall have a writ of possession, unless the tenant shall pay the amount of the mortgage money with interest, within two months after judgment.

The present point appears to me closed in by authority. I do not advert to the doctrine in ejectment, that a tenant under the mortgagor may be at any time displaced, and his estate ended by the mortgagee at his will, and without any prior notice to quit. That is sufficiently established in Keech v. Hall, 1 Doug. 21; Thunder v. Belcher, 3 East, 449. Here the point raised by the pleadings is, whether a tenant in possession, not seised of the freehold, but holding as lessee under the tenant of the freehold, can be sued in this action. Now, it was expressly decided in Keith v. Swan, 11 Mass. 216, that any person in possession of the mortgaged premises is liable to the action of the mortgagee. In that case, the defendant, who raised the question, asserted himself in his plea, to be tenant at will to the tenant of the freehold. It is, therefore, directly in point. It is true, that the case as to another point, viz., that nontenure cannot be pleaded except in abatement, has been since overruled (Otis v. Warren, 14 Mass. 239), whether for reasons entirely satisfactory it is unnecessary for me now to say, though the supreme court of the United States have adhered to it, as will be seen in Green v. Liter, 8 Cranch [12 U. S.] 229. But as to the main point, it has not only not been overruled, but expressly affirmed in the later case of Penniman v. Hollis, 13 Mass. 429, 430. See, also, Fitchburg C. M. Co. v. Melvin, 15 Mass. 268. The point then is entirely at rest upon the authorities under our local law. But upon principle, I should have arrived at the same result, and I concur entirely in the reasoning, upon which those authorities have proceeded. The plea must therefore be overruled, and a respondeas ouster awarded.