ELIZA S. HAILMAN, plaintiff in error, *v.* NATHANIEL· BUCK-
MASTER, defendant in error.

### *Error to Madison.*

A plaintiff will not be permitted to prosecute a second action to recover the same demand, while the proceedings on the judgment in the first case are stayed by a writ of error operating as a *supersedeas,* as he has ample security for the payment of such judgment, in case of an affirmance. The common and almost universal practice now is, to apply to the Court in which the second action is pending, for an order to stay proceedings in the case, until there is a determination of the writ of error.

A defendant may plead in abatement to a second suit for the same cause of action, the pendency of a writ of error which operates as a *supersedeas,* unless the writ of error was sued out subsequent to such suit, when the proper course is to apply for an order to stay proceedings until the writ of error is disposed of.

The law is well settled, that if a woman is sued while sole and marries during the pendency of the suit, she cannot plead the supervenient coverture in abatement.

DEBT, in the Madison Circuit Court, brought by the plain-
tiff in error against the defendant in error, and heard before
the Hon. Gustavus P. Koerner, at the October term 1846,
on a demurrer to a plea in abatement. The demurrer was
overruled, and a judgment for costs rendered in favor of the
defendant below.

The facts and the subject matter of the plea are stated in
the Opinion of the Court.

*D. J. Baker,* for the plaintiff in error.

1. The plea, to be good, must show the writ of error and
*supersedeas* to have been sued out and allowed prior to
the commencement of· this suit, that the writ of error has
been allowed, and that all the steps and pre-requisites pre-
scribed by statute in such case to have been complied
with and taken to make a writ of error a *supersedeas.* 2
Johns. Cases, 312; *Jenkins* v. *Pepoon,* 1 Salk. note *a,* 322;
1 Strange, 476; 2 T. R. 41; 1 Scam. 531–2; 5 T. R. 78.

Pleas in abatement are required to be drawn with the·
greatest accuracy and precision. 1 Chitty's Pl. 491.

Great accuracy is also necessary in the form of the plea as to the commencement and conclusion which are said to make the plea. 1 do. 476; 3 Saund. 209, *c. d.* note *f.*

2. The pendency of a writ of error is no plea allowed by law, but the proper course is to move the Court to stay proceedings on terms until the case on writ of error is decided, and especially so when the writ of error is sued out after suit brought on the judgment or against the bail. 1 Com. Dig. 115; 1 Stra. 419; 1 Wils. 120; Willes, 271; 2 T. R. 78–9; 3 do. 436; 5 do. 714; 2 Bos. & Pul. 329.

The judgment in this case should have followed the decision upon the demurrer, and upon overruling the plaintiff's demurrer to the defendant's plea, should not have been for the costs against the defendant, but against the plaintiff. Plaintiff may bring writ of error to reverse his own judgment. 3 Burr. 255; 2 Tidd's Pr. 1134, 1146, 1165; 3 Scam. 321.

The Opinion of the Court was delivered by

TREAT, J. An action of debt was pending in the Madison Circuit Court, in which David and Eliza S. Hailman were plaintiffs, and James Semple was defendant. In August, 1838, the writ was enjoined by Semple, who, with Buckmaster as his security, executed a bond to the plaintiffs in the penalty of $6·100, conditioned for the payment of the amount to be found due the plaintiffs. At the October term 1845, the injunction was dissolved, and a judgment entered against Semple for $2402 debt, and $1400 damages. On the 9th of October, 1846, Eliza S. Hailman, the surviving obligee, instituted an action of debt against Buckmaster and declared on the injunction bond. On the 30th of the same month, Semple sued out a writ of error on the judgment rendered in the original case, and obtained a *supersedeas* thereon. Buckmaster pleaded the pendency of this writ of error in abatement of the action on the bond. The Court overruled a special demurrer to the plea, and rendered a judgment that the writ be quashed, and that the plaintiff re-

cover her costs. To reverse that judgment, she prosecutes a writ of error...

As a matter of principle it seems clear, that a plaintiff ought not to be permitted to prosecute a second action to recover the same demand, while the proceedings on the judgment in the first case are stayed by a writ of error operating as a *supersedeas*. He has ample security for the payment of the judgment in case it is affirmed. The second action is therefore unnecessary, and may possibly be regarded as vexatious. The law will afford the defendant an effectual remedy. The common and now almost universal practice in such cases, is to apply to the Court in which the second action is pending, for an order to stay the proceedings in the case, until there is a determination of the writ of error. The Court will always grant the application when a proper case is presented. 1 Tidd's Pr. 530; *Christie* v. *Richardson,* 3 D. & East, 78; *Myer* v. *Arthur,* 1 Stra. 419; *Cressy* v. *Kell,* 1 Wils. 120. This practice is a very convenient one, and fully protects the interests of the parties. If the judgment is affirmed, the second action can then proceed; if reversed, the defendant can take advantage of it by plea *puis darrein continuance.* The defendant may, however, plead the pendency of the writ of error, which operates as a *supersedeas,* in abatement of the second action. The cases of *Prynn* v. *Edwards,* 1 Lord Raym. 47, and *Jenkins* v. *Pepoon,* 2 Johns. Cases 342, and the authorities there referred to, show clearly that this may be done. The only question in this case is, can the plea in abatement be insisted on, where the writ of error is sued out subsequent to the bringing of the second action? Upon diligent inquiry I have found no authority for such a plea, but on the contrary, both precedent and authority against it. It is said in the case of *Renner* v. *Marshall,* 1 Wheat. 215, that "a subsequent writ may be abated by an allegation of the pendency of a prior suit; but the reverse of the proposition is, in personal actions, never true." Kent, Justice, in delivering the opinion of the Court in the case of *Jenkins* v. *Pepoon,* says: "The plea does not state, that the writ of error was brought prior to the commencement of the

present suit, which is an essential averment to render a plea of this kind good." The law is well settled, that, if a woman is sued while sole and marries during the pendency of the suit, she cannot plead the supervenient coverture in abatement; and the reason assigned is, that it would be manifestly unreasonable to allow her to defeat by her own act, a suit rightly commenced against her. Gould's Pl. 263, § 87; 1 Chitty's Pl. 484; *King* v. *Jones*, 2 Lord Raymond, 1525. The present case is perfectly analagous in principle. The plaintiff had a cause of action against the defendant, and commenced a suit rightfully to enforce it. Semple subsequently sued out a writ of error on the judgment in the original case, and obtained a *supersedeas*. To permit the defendant to defeat this suit altogether, would be allowing him to take advantage of this subsequent act of his principal. The defendant was mistaken in the proper course to be pursued. Instead of pleading this new matter in abatement, he should have made it the foundation of a motion to stay proceedings until there was a decision of the writ of error. Such an application should have been successful. If necessary, the order may still be obtained.

The judgment of the Circuit Court is reversed, with the costs of this writ of error, and the cause is remanded, with directions to that Court to sustain the demurrer to the plea, and enter a judgment of *respondeat ouster*.

*Judgment reversed.*