## AARON McKEEN *versus* ALLISON PARKER.

Generally when a plea in abatement is adjudged bad on demurrer, the judgment is "*respondeas ouster.*"

But when a plea "*puis darrein continuance*" is adjudged bad on demurrer the judgment is final against the defendant.

On EXCEPTIONS to the ruling of KENT, J.

*Linscott & Pillsbury*, for plaintiff.

*C. F. Pillsbury*, for defendant.

The case is fully stated in the opinion, which was drawn up by

DICKERSON, J.—FORCIBLE ENTRY AND DETAINER. This process was commenced before a justice of trials, and by him transferred to the Supreme Judicial Court, in accordance with the provisions of the Revised Statutes, chap. 94.

On the first day of the October term of the Court, A. D. 1862, the respondent filed a plea in abatement, in which he set forth, that, since the last continuance of said complaint, and before said first day of the term, the said McKeen had forcibly expelled the respondent from the premises demanded, and disseized him thereof, and that he still continued tenant and occupant thereof; for which cause the respondent claimed to have the process quashed, and his costs. To this plea the complainant filed a general demurrer which was joined. The presiding Judge, then intimating that the plea was bad and that the demurrer would be sustained, the respondent's counsel filed a motion to amend the *jurat* to the plea, according to the fact, by striking out the words " according to his best knowledge and belief." The Court denied the motion, adjudged the plea bad, sustained the demurrer, and ordered the respondent to answer over, the complainant's counsel claiming that the judgment should be peremptory against the respondent. To this ruling of the Judge the complainant excepted.

·After the evidence was closed, the case was taken from the jury, and submitted to the ·Law Court, with jury powers to render such judgment on the merits as the law requires, with the further agreement that, "if, on the plea in abatement and matters in. the exceptions, judgment should have been peremptory against the respondent, it is to be so ordered· by the Court."

Neither the refusal of the presiding Judge to allow the respondent to amend the *jurat* to the plea in abatement, nor his ruling in sustaining the demurrer, is before us, since no exception was taken to his action upon these matters. The single question presented by the exceptions is whether the judgment should have been *respondeas ouster*, or peremptory and final against the respondent.

Generally, where a plea in abatement is adjudged bad on general demurrer, the judgment is *respondeas ouster*, as the cases cited by respondent's counsel clearly show. *Fogg* v. *Fogg & al.,* 31 Maine, 302; *Burnham* v. *Howard*, 31 Maine, 569.

This, however, is a plea in abatement, based upon what had transpired *puis darrein continuance*. When any matter which is a ground of defence arises subsequently to the last continuance, the defendant is allowed to plead it either in bar or abatement at the next term after it originated, and this is called a plea *puis darrein continuance*, an old French phrase signifying *since the last continuance*. The respondent's plea is of this description. 2 Bouv. Law Dictionary, 401.

What legal consequence followed to the respondent from sustaining the demurrer? Was it that he should answer over on the merits, or that he should submit to a peremptory and final judgment?

Questions of this character, it is believed, are not of frequent occurrence, and Courts, for the most part, are compelled to rely for authority, mainly, upon decisions made in the earlier stages of the common law. Although special pleading has been abolished in this State, yet pleas in abate-

McKeen *v.* Parker.

ment are permitted to have place in the machinery of our jurisprudence, and, when they are resorted to, they must be pleaded with the same technical exactness and certainty, and be followed by the same legal consequences, that obtained before recent innovations were permitted to mar the symmetry of this monument of legal ingenuity, science and skill.

In 1 Chitty on Plead., 697, this doctrine is laid down, — " Pleas of this kind are either in abatement or in bar. If anything happen pending the suit, which would in effect abate it, this might have been pleaded *puis darrein continuance*, though there has been a plea in bar; because the latter plea only waives such matters in abatement as existed at the time of pleading, and not matter which arose afterwards; but, if matter in abatement be pleaded *puis darrein continuance*, the judgment, if against the defendant, will be peremptory, as well on demurrer as on trial. A plea *puis darrein continuance* is not a departure from, but is a waiver of the first plea, and no advantage can afterwards be taken of it, nor can even the plaintiff afterwards proceed thereon."

In 1 Black. Com., 252, it is said " to be dangerous to rely upon such a plea without due consideration ; *for it confesses the matter which was before in dispute between the parties.*"

" On a *demurrer* to a plea in abatement," says Mr. Justice STORY, " *since the last continuance*, the judgment, if for the plaintiff, is final." Story's Plead., 31.

".Pleas *puis darrein continuance* may be in abatement or in bar; but judgment on the former is final, as well upon demurrer as upon verdict, if a plea in bar had before been filed ; for in pleas *puis darrein continuance* there can be no judgment to answer over. These pleas are a waiver of all former pleas ; and, if the matter pleaded, be found against the defendant, it is a confession of the whole declaration." Howe's Practice, 431.

The plea *puis darrein continuance* waives all previous pleas, and, on the record, the cause of action is admitted to the

same extent, as if no other defence had been urged than that contained in this plea. By operation of law, the previous pleas are stricken from the record, and every thing is confessed except the matter contested by the plea *puis*. *Kimball & al.* v. *Huntington*, 10 Wend., 675.

So, in *Renner & al.* v. *Marshall*, 1 Wheat., 215, it was held " that, if matter in abatement be pleaded *puis darrein continuance*, the judgment, if against the defendant, is peremptory, as well on demurrer as on trial."

The conclusion deduced from the authorities undoubtedly is, that a plea *puis darrein continuance* is a waiver of all former pleas, and if, on general demurrer, the decision be against the defendant, the judgment must be peremptory in favor of the plaintiff.

According to the agreement of the parties, the order must be — *Judgment peremptory against the respondent.*

APPLETON, C. J., KENT and WALTON, JJ., concurred.

DAVIS, J., announced his views as follows : —

Pleas *puis darrein continuance*, like pleas at any other stage of the action, must conform to the case. If the fact, had it originally existed, must have been pleaded in *abatement*, or, if it must have been pleaded in *bar*, it must be pleaded *in the same way*, at the next term, if it occurs while the suit is pending. If it could originally have been pleaded either in abatement, or in bar, it may be pleaded in either way *puis darrein continuance.*

The plea in this case is analogous to a *disclaimer*, or a plea of *non tenure*, in a real action. Until otherwise provided by statute, those pleas were either in abatement or in bar. *Otis* v. *Warren*, 14 Mass., 239. The statute prohibition does not apply to this case. If the plaintiff already had the possession, the defendant could have pleaded it in abatement ; or by a brief statement, with the plea of " not guilty."

Whether the *facts*, if properly pleaded, would have been a good defence, is not the question before us. In an action

of *forcible entry and detainer*, the complainant is entitled to recover *rent*, from the time when the case is heard by the magistrate. That hearing, in this case, was May 16, 1861. Having obtained *possession*, could he prosecute the suit in order to recover the rent? See *Tufts* v. *Maines*. [Next case.]

The defendant pleaded the facts in *abatement*, and not in *bar*. His plea is fatally defective *in form*, if not in substance, for want of an *affidavit*. 31 Maine, 302.

The demurrer is general. But, as the plea is in *abatement*, if the defect is one of *form* only, it may be taken advantage of upon a *general* demurrer. *Clifford* v. *Cony*, 1 Mass., 495; *Lloyd* v. *Williams*, 2 Maule & Sel., 484; *Emerson* v. *Libby*, 2 Ld. Raym., 1015.

The ruling of the Court, *in sustaining the demurrer*, was therefore correct, whether the facts, if properly pleaded, would have been a good defence, or not. But the decision was final for the defendant; and he had no right to plead over. The only remaining question was one of *damages*, being the "reasonable rent for the premises." If the complainant afterwards took possession, his right to rent terminated from that time; and no writ of possession will be necessary.