### H. M. Stephens, Defendant in Error, v. National Surety Company, Plaintiff in Error.

### Gen. No. 26,282.

1. APPEAL AND ERROR—*when postponement of action on appeal bond warranted.* In an action on an appeal bond brought after the dismissal of the appeal, allegations in the affidavit of merits that a writ of error, in which the principal was seeking a review of the judgment rendered against it, was pending and that the writ had been made a *supersedeas,* stated matters which, although not strictly proper in such an affidavit, at least warranted a postponement of the action on the bond.

2. APPEAL AND ERROR—*when judgment for plaintiff in action on appeal bond will be reversed.* Where, in an' action on an appeal bond brought after the dismissal of the appeal, the affidavit of merits set up the pendency of a writ of error suit brought by the principal in the bond, and that the writ had been made a *supersedeas* prior to the bringing of the action on the bond, the Appellate Court treated such allegations as notice of the pendency of the writ of error suit and reversed the judgment for plaintiff with directions to vacate the order striking the affidavit of merits, although strictly speaking, such allegations had no place in the affidavit, and the matters should have been brought to the attention of the court below by affidavit and notice, with a motion to stay proceedings until the termination of the writ of error suit.

3. APPEAL AND ERROR—*when application for second extension of time for filing complete record comes too late.* An application for

a second extension of time for filing a complete record came too late, where such application was not made before the last day fixed by law for the filing of records in the Appellate Court.

4. APPEAL AND ERROR—*error in dimissing appeal not subject to correction on appeal from judgment on appeal bond.* Even if the dismissal of an appeal had been error, such error could not be corrected on a subsequent appeal from a judgment on the appeal bond.

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the March term, 1921. Reversed and remanded with directions. Opinion filed December 19, 1921.

JOHN GIBSON HALE, for plaintiff in error.

CHARLES A. BUTLER, for defendant in error.

MR. PRESIDING JUSTICE DEVER delivered the opinion of the court.

The defendant seeks by this appeal to reverse a judgment entered against it in the municipal court of Chicago. In a statement of claim filed by plaintiff it was alleged that defendant was indebted to him in the sum of $290.20 with interest thereon from July 5, 1919, and also a further sum of $11.85 court costs as a consequence of a breach of an appeal bond filed in the county court of Cook county on July 15, 1919; that the bond was executed by the Wabash Railway Company as principal and defendant as surety; that the bond was conditioned for the prosecution of an appeal by the Wabash Railway Company from a judgment entered against it in said county court in favor of plaintiff; "that the said appeal was dismissed by the Appellate Court for the First District of Illinois May 3, 1920, for want of prosecution."

An affidavit of merits filed by defendant denied execution of the bond "unless upon inspection," etc.; it denied also knowledge of the judgment appealed from or of any breach of the bond or of the affirmance of

the judgment or dismissal of the appeal for want of prosecution. The affidavit further alleged the filing of a short record in this court in the appeal case of *H. M. Stevens v. Wabash Railway Company,* and that an extension of time was granted to March 23, 1920, for the filing of a complete record in that cause; that this court denied a further extension of time for the filing of a complete record, "despite a showing that the bill of exceptions upon which the errors were assigned had not been settled in the court below and the settlement of same was not for a near' date; and the filing of a bill of exceptions below on the 10th day of April, 1920, and the suggestion of a diminution of the record made to the Appellate Court on the 12th day of April, 1920, with request for leave to file complete record, and the denial of such leave; and the dismissal of the appeal for want of prosecution on the 3d day of May, 1920."

The affidavit of merits also charged that on May 5, 1920, a writ of error was issued out of the Appellate Court in said cause, entitled *Henry M. Stephens v. Wabash Railway Company,* directed to the county court of Cook county, Illinois, for a review of the judgment entered in that court; that a *supersedeas* was issued by the Appellate Court, which was filed in the said county court; that the judgment mentioned in the writ of error suit and that mentioned in the plaintiff's statement of claim are the same judgment and that the *supersedeas* issued in the writ of error suit constitutes a defense to plaintiff's suit on the bond. The trial court on motion struck the affidavit of merits from the record and defendant, electing to stand thereby, judgment was entered in debt for the amount of the bond, $500, to be satisfied on payment of $316.59 damages and costs.

It will be conceded that if the affidavit of merits alleges facts which constitute in law a defense to the plaintiff's claim that it was error to strike the same

from the record.   The affidavit alleges the pendency
of the writ of error suit in this court, in which pro-
ceeding the Wabash Railway Company, the principal
in the bond, seeks a review of the judgment rendered
against it in the county court in favor of the plaintiff,
and that a *supersedeas* was issued in the writ of error
suit which stayed all proceedings under the judgment
in the county court.   The affidavit alleges that the writ
of error was made a *supersedeas* prior to the bringing
of the suit against defendant on the bond.

The charge in the affidavit that the writ of error
suit pending in this court seeks a review of the judg-
ment in an appeal from which the bond sued on was
given, states matters which at least warranted a post-
ponement of the action begun on the bond.

In the case of *Hailman v. Buckmaster*, 8 Ill. (3
Gilm.) 498, the Supreme Court said:

"As a matter of principle it seems clear that a
plaintiff ought not to be permitted to prosecute a sec-
ond action to recover the same demand while the pro-
ceedings on the judgment in the first case are stayed
by a writ of error operating as a *supersedeas*.   He
has ample security for the payment of the judgment
in case it is affirmed.   The second action is therefore
unnecessary, and may possibly be regarded as vexa-
tious.   The law will afford the defendant an effectual
remedy.   The common and now almost universal prac-
tice in such cases is to apply to the court in which
the second action is pending for an order to stay the
proceedings in the case until there is a determination
of the writ of error.   The court will always grant the
application when a proper case is presented.   1 Tidd's
Pr. 530; *Christie v. Richardson*, 3 D. & East 78; *Myer
v. Arthur*, 1 Stra. 419; *Cressy v. Kell*, 1 Wils. 120."

We do not regard the above-quoted expressions of
the Supreme Court as *obiter*.   In that case a demurrer
to a plea in abatement was overruled by the trial court
and the Supreme Court held that the common and
almost universal practice in such case was to apply

to the court to stay proceedings in a pending second action until "there is a determination of the writ of error." The affidavit does disclose that the trial court was not authorized to proceed to judgment on the bond, it being charged in the affidavit that a court of review had pending before it a suit instituted to review the cause in which the bond was given, and that proceedings on the judgment had been stayed by the issuance of a *supersedeas.*

Strictly speaking, the allegation of the pendency of the writ of error suit and the *supersedeas* had no place in the affidavit of merits. The proper practice is to present such matter by affidavit and notice with a motion to stay proceedings until the writ of error suit is terminated. Although irregular in form, we have concluded to treat the allegations of the affidavit of merits as notice of the pendency of the writ of error suit.

There is no merit in the contention that this court erred in refusing in the appeal suit a second extension of time for filing a complete record therein.

The case of *Fonda v. Jackson,* 203 Ill. 113, is not in point, as a statute now in force provides that an application for an extension of time to file a record must be made before the last day fixed by law for filing records in this court; but in any event, even if error was committed in the dismissal of the appeal suit, such error could not be corrected in this proceeding.

The judgment of the municipal court is reversed and the cause remanded to that court with directions to enter an order or orders in the cause not inconsistent with the views herein expressed.

*Reversed and remanded with directions.*

McSURELY and MATCHETT, JJ., concur.